BRICKLE v. LEACH.

1. DEEDS—MORTGAGES—PLEADINGS.—In order to show that a deed absolute was intended as a mortgage, it is not necessary to allege and prove that such deed was obtained through ignorance, mistake, undue influence or fraud.

2. EVIDENCE.—Not error to admit statement of account between vendor and vendee as to purchase money of a tract of land in an action among heirs at law of vendee for partition, when one issue is the title to this land.

3. IBID.—TRANSACTIONS WITH DECEDENT.—A party to a case, and interested in the result, is not prevented by sec. 400 of the Code from testifying to declarations of a decedent, whose executor is also a

party in interest, relative to transactions with another party to the same suit.

4. IRID.—IBID.—IT IS HARMLESS ERROR to admit, in an equity case, testimony incompetent under sec. 400 of the Code, in support of a fact which is clearly proven by other competent testimony.

5. EVIDENCE—TRANSACTIONS WITH DECEDENT.—A HUSBAND may testify as to transactions between his wife and a decedent.

6. DEEDS—MORTGAGES.—FINDING OF FACT that deed absolute was intended as a mortgage, affirmed.

7. PLEADINGS—JUDGMENT.—RELIEF should not be given against a codefendant which is not within the scope of the pleadings.

8. EQUITY—COSTS—LOSING PARTY—DISCRETION.—In an equity case, costs are very much in discretion of .Circuit Judge, and his action herein, requiring the plaintiff and defendant estate to pay each one-half of the costs, because losing parties, sustained.

9. PARTITION—CAUSE OF ACTION.—ONE TENANT IN COMMON who has joined in deed for partition, and retains lands received thereby, has no cause of action against other tenants for partition.

Before ALDRICH, J., Barnwell, January, 1899.  Modified.

Action in partition by M. R. Brickle against F. M. Leach, Mary A. Dantzler, Lizzie Gates, Hattie C. Bruce, W. F. Patrick, B. W. Gates, J. R. Hamilton, as executor of F. W. Fairey, and Susan E. Cooner, Maggie Fairey, Rachael A. Hamilton, Eugenie Reeves, Fannie Fairey, Bettie Fairey, Marie Fairey, Franklin W. Fairey, and Franklin Fairey.

The deed of partition referred to in the opinion is as follows: ·

State of South Carolina, County of Barnwell.   This agreement, made by and between W. F. Patrick and his wife, Carrie M. Patrick; V. V. Brickle and his wife, Rachael Ann M. Brickle, of Bamberg, Barnwell County, State of South Carolina; Thos. B. Leach and his wife, Francis M. Leach, of Greenville, Greenville County, and State aforesaid; S. D. Dantzler and his wife, Mary A. Dantzler, of Autaugaville, Autauga County, State of Alabama; B. W. Gates and his wife, Elizabeth E. Gates, of Bamberg, Barnwell County, State of South Carolina; and A. H. Bruce and

his wife, Hattie C. Bruce, of Rowesville, Orangeburg County, State aforesaid, this 21st day of November, 1889, to wit: The following division of certain property owned by the above named parties in common, shall be binding on each and every one of the parties, according to the terms and stipulations hereinafter contained. First. Each husband and wife above mentioned being entitled to $400.22 in said property, it is mutually agreed that: 1st. W. F. Patrick and his wife, Carrie M. Patrick, shall have in settlement of their interest one storehouse and lot located on Bamberg street, valued at $235.92, and $164.30 in cash. 2d. V. V. Brickle and his wife, R. A. M. Brickle, shall have in settlement of their interest one certain house and lot on the new road to Cowpens Ford, valued at $250, and one vacant lot fronting sixty feet on Bamberg street, valued at $100, and $50.22 in cash. 3d. Thos. B. Leach and his wife, Francis M. Leach, shall have in settlement of their interest their indebtedness of $129.63, and an interest amounting to $270.59 in one certain house and lot fronting 200 feet, more or less, on Elm street, said lot being valued at $700; also, they shall pay the parties in interest $29.19 for the remaining interest in the said house and lot. 4th. S. D. Dantzler and his wife, Mary A. Dantzler, shall have in settlement of their interest a share amounting to $400.22 in the Crossroads or Zeigler place, said place containing 178 acres, more or less, valued at $1,068; also they shall pay to the parties interested $185.41 for the remaining interest in the said Crossroads or Zeigler place. 5th. B. W. Gates and his wife, Elizabeth E. Gates, shall have in settlement of their interest, a share amounting to $482.37 in the Crossroads or Zeigler place, said place containing 178 acres, more or less, valued at $1,068. 6th. A. H. Bruce and his wife, Hattie C. Bruce, shall have in settlement of their interest a share or interest amounting to $400.22 in one certain house and lot fronting 200 feet, more or less, on Elm street, said lot being valued at $700. And it is further agreed by and between the parties above named that they hereby bind themselves to secure unto the above

named parties who have accepted their interest in real estate good and sufficient titles to said property, and unitedly to defend the same. And also it is further agreed that W. F. Patrick shall act and is hereby appointed as our lawful agent to transact all other business pertaining to the securing of deeds, collecting rents, notes and accounts, and any other matters of interest whatsoever. In witness whereof we have affixed our hands and seals the day and year above written. W. F. Patrick, Carrie M. Patrick, V. V. Brickle, R. A. M. Brickle, T. B. Leach, F. M. Leach, S. D. Dantzler, M. A. Dantzler, B. W. Gates, E. E. Gates, A. H. Bruce, H. C. Bruce. [L. S.] Witness: J. J. Hughes, W. B. Brickle, M. B. Leach, W. J. Zimmerman, J. L. Dantzler, L. B. Fowke, W. C. Crum.

So much of the Circuit decree as relates to the questions made by the appeal is as follows:

Upon the reading of the pleadings, J. R. Hamilton, as executor of F. W. Fairey, and a defendant herein, demurred to the 4th, 5th, and 6th paragraphs of the answer of his co-defendants, B. W. Gates and Lizzie E. Gates, "wherein it is alleged as affirmative relief, that the deed given to F. W. Fairey, the said Hamilton, testator, while it is absolute on its face, yet it was intended to secure a debt and was intended as a mortgage, upon the ground that the same did not state facts sufficient to constitute a defense or cause of action." The demurrer, which is in writing, and was duly submitted, states in three paragraphs the specific objections to the said answer. Counsel for the executor cited, in support of the demurrer, numerous authorities, chiefly from other States. It was not necessary for the Gates to allege in their answer that Fairey procured the deed from them, or either of them, through the ignorance of the grantor, or through mistake, undue influence or fraud, because if, as matter of fact, such was not the case, such allegations would have been improper. The answer does allege that the deed, though absolute upon its face, was at the time it was exe-

33—55

cuted, given by grantors, and received by Mr. Fairey as a security only, a mortgage, to secure a certain amount of money. I think that the answer is sufficient. The lapse of time is not sufficient to defeat the relief asked for, and is no ground of demurrer. The demurrer is overruled.

The case was heard by me upon the pleadings and the testimony taken by the master. The action is for the partition of the land described in the complaint, the plaintiff alleging in her complaint that she and certain of the defendants are cotenants on said land. Most of the answers deny this cotenancy, and set up a deed of partition, dated November 21st, 1889, made between the parties who then owned this land and other lands in common. By said deed the tract of land described in the complaint was assigned to the defendants, Mary A. Dantzler, B. W. Gates, and Lizzie E. Gates, and other lands to the other parties, including the plaintiff. All of the parties went into possession of the lands assigned to them, respectively, assigned to them under and in pursuance of said deed. Most of the defendants contend that plaintiff is estopped by said deed, and has no interest in the land described in the complaint, and of which she demands partition. There is no reference in the complaint to this deed of partition and settlement, no attack made upon it, and plaintiff has never taken any step to have it set aside. She makes no offer to surrender the land which she took under the deed, and her complaint is for the partition of the lands assigned to her sisters and held by them. The evidence shows that the various parties interested in the several parcels went into possession of said parts so assigned immediately after the execution of the said deed of partition, and remained in such possession of the same as their own property. There was no mistake or fraud in the making or execution of said deed, and no advantage taken of any one. The lands partitioned in 1889 were owned by the plaintiff, her brother, and several sisters, in common. The partition was made as a family settlement and to save expense. All of the parties were of full age. The sisters, or ladies, were

represented at the time of the partition by their husbands—
for the husband of each signed the deed. Each sister was
attending to her own affairs, looking after her own interest
in person, and also had the benefit of her husband's advice
and aid. Counsel for plaintiff argued that the written
agreement to partition the land, executed in 1889, was im-
practicable and impossible of performance—because an acre
of land assigned to plaintiff has never been delivered to her
yet because of some defect in the title—and because no
money has ever passed, as stipulated in the agreement to be
paid to make said partition equal. I can see no defect,
legally speaking, in the title to the acre of land referred to.
It is true that V. V. Brickle, the husband of plaintiff, testi-
fied that he once owned the land, but he also testified that he
had agreed to sell it to G. Y. Patrick, had made him bond
for title; that Patrick had paid for it, taken possession of it,
and built a house on it. G. Y. Patrick was the father of the
plaintiff, he died, and that upon his death, plaintiff, her
brothers and sisters, as heirs at law of their father, included
that lot in the partition made in 1889. Assuming that V.
V. Brickle never made a title to G. Y. Patrick, then the legal
title would be in V. V. Brickle, and the equitable and real
title would have been in G. Y. Patrick during his life, and in
his heirs upon his death. V. V. Brickle and all the heirs at
law of G. Y. Patrick were parties to the deed of partition in
1889. All under their hands and seals signed and executed
and delivered the same. I can see no legal defect in the title
of plaintiff to this acre of land, and, under the circum-
stances, I consider her title sufficient. This reasoning is
upon the assumption that the facts are as stated. The bur-
den of proof was upon the plaintiff to show these facts. No
written deeds, bonds for title, &c., as above referred to, were
put in evidence. All that we know is based upon parol testi-
mony. The evidence shows that G. Y. Patrick was in pos-
session of the lot when he died, that it passed to his heirs, and
they partitioned it among themselves. I hold, under the
law and the testimony, that said deed of partition made in

1889 was, and is, binding upon the parties thereto; that plaintiff has no interest in the land sought to be partitioned, and that plaintiff is estopped from maintaining this action by said deed.    I refer, among other cases, as containing the law applicable to this action, to *Smith* v. *Tanner,* 32 S. C., 259; *Roundtree* v. *Lane,* 32 S. C., 160; *Kennemore* v. *Kennemore,* 26 S. C., 251; *McCreery* v. *Blume,* 17 S. C., 54; *Kennedy* v. *Ettiwan Phos. Co.,* 17 S. C., 420; and *Stoney* v. *McNeile,* 1 McC., 85. * * *

It is further ordered and adjudged, that the defendant, J. R. Hamilton, as executor of the estate of F. W. Fairey, do pay to Hattie C. Bruce $100 within ninety days from notice of this decree, and, failing so to do, the said Hattie C. Bruce is hereby given judgment in her favor and against the said J. R. Hamilton, as executor as aforesaid, for the sum of $100, with leave to issue execution therefor.

As the litigation was begun by the plaintiff, and as she has failed to sustain her complaint, she is responsible for much of the litigation, and it is ordered that the plaintiff do pay one-half of the costs of this action, to be taxed by the clerk of this Court.    As much of the litigation was due to the efforts of the executor of F. W. Fairey, and to that of those who claim under said F. W. Fairey, to sustain as deeds the conveyance herein held to be only securities, and as those efforts have failed, I think that the executor of the estate of F. W. Fairey should pay the remaining half of the costs of this action, to be taxed by the clerk of this Court, and accordingly it is so ordered, adjudged, and decreed.

From this decree the plaintiff and the defendant, J. R. Hamilton, as executor of F. W. Fairey, appeal; the defendants, F. M. Leach, Mary A. Dantzler, Lizzie E. Gates, Hattie C. Bruce, W. T. Patrick, and B. W. Gates, are respondents.

*Messrs. Bates & Simms,* for appellants, cite: *Equity will not declare a deed absolute, a mortgage in absence of allegations and proof that it was procured through ignorance of*

*grantor, or through mistake, undue influence or fraud:* 10 S. E. R., 140; 20 S. E. R., 700; 3 Rich. Eq., 163; 1 DeS., 345; 11 S. E. R., 240. *The conditions stated in the lease not being complied with, the sale becomes absolute:* 33 S. C., 494; 3 S. E. R., 600. *Inadequacy of price will not convert a deed into a mortgage:* 31 S. C., 277. *Facts do not warrant the finding that the deed was intended as a mortgage:* 54 S. C., 164; 52 S. C., 54. *No issue not necessarily involved in the action can be determined therein:* 48 S. C., 130. *Hamilton did not voluntarily come into case, and should not be required to pay one-half costs:* 43 S. C., 352. *Neither should plaintiff be so required, as some action was absolutely necessary to settle these matters:* 36 S. C., 138.

*Messrs. Patterson & Holman,* for Patrick, Bruce, and Leach, respondents, cite: *Testimony of Bruce was not incompetent, under sec. 400,* 47 S. C., 492. *A deed absolute may in equity by extrinsic and parol evidence be shown to be a mortgage:* 52 S. C., 54. *In equity suits costs are wholly within discretion of Circuit Judge:* 15 S. C., 194, 610, 612; 20 S. C., 34; 22 S. C., 271; 24 S. C., 264; 24 S. C., 525; 52 S. C., 110. *In absence of fraud or mistake the partition agreement or deed is binding on the parties:* 32 S. C., 259, 160; 26 S. C., 25; 17 S. C., 54, 420; 1 McC., 55.

*Mr. Charles G. Dantzler,* for Mary A. Dantzler, respondent, cites: *Testimony of Bruce was competent:* 3 S. C., 425; 9 S. C., 392; 25 S. C., 228; 26 S. C., 160. *Plaintiff is estopped from claiming any interest in the land by reason of the partition agreement:* 32 S. C., 259; 26 S. C., 251; 17 S. C., 420; 1 McC., 85; 3 McC., 429. *Plaintiff brought the action, has failed, and should pay costs:* 15 S. C., 611, 612; 18 S. C., 560; 20 S. C., 34; 21 S. C., 183; 22 S. C., 271; 24 S. C., 264, 595; 52 S. C., 110.

*Mr. Jno. R. Bellinger,* for B. W. Gates and wife, respondents.

July 18, 1899. The opinion of the Court was delivered by

MR. JUSTICE POPE. It seems that in the year 1869, Henry Hartzog conveyed, by his deed, a tract of land, containing 181 acres, unto F. W. Fairey, in trust, *first,* for Mrs. A. S. M. Patrick, with power of appointment in her, but in case such power was not exercised, then to her surviving children and their heirs at law at her death. On the 25th September, 1870, Mrs. Patrick died intestate, never having exercised any power of appointment, thus vesting said lands in her six daughters and one son, to wit: Mrs. M. R. Brickle, Mrs. F. M. Leach, Mrs. Mary A. Dantzler, Mrs. Anna Eliza Gates, Mrs. Lizzie Gates, Mrs. Hattie C. Bruce, and William F. Patrick. That thereafter the said Anna Eliza Gates departed this life intestate, and her share vested in her husband, B. W. Gates, and one infant son, William, who in a few years died while still an infant, leaving his father, B. W. Gates, as his only heir at law. In the year 1889, each one of the heirs at law of the said Mrs. A. S. M. Patrick, including the husbands of the five daughters, then living, and the wife of W. F. Patrick, also B. W. Gates, in his own right, by a deed under their respective hands and seals, made a partition of the said 181 acres of land, and also some lands of which they were also seized as tenants in common, derived from their father—one G. Y. Patrick, deceased—amongst themselves; so that the 181 acres of land were, under said deed of partition, assigned to and vested in Mrs. Mary A. Dantzler and B. W. Gates and Mrs. Lizzie Gates. In the year 1894, Mrs. M. R. Brickle chose to disregard such partition by bringing this her action for partition in the Court of Common Pleas. Inasmuch as B. W. Gates and Mrs. Lizzie Gates, in the year 1886, had made a deed in consideration of $25, whereby they conveyed their shares in the 181 acres of land to F. W. Fairey, and inasmuch as Mrs. Hattie C. Bruce had, in the year 1885, made a deed in consideration of $50, whereby she conveyed her share in said lands (181 acres) to the said F. W. Fairey, who departed this life in the year 1891, leaving a will of which J. R. Hamilton was executor, and also leaving as the legatees under

said will, Susan E. Connor, Maggie Fairey, Rachel A. Hamilton, Eugenie Reeves, Fannie Fairey, Bettie Fairey, Marie Fairey, Franklin Wm. Fairey, and Frankie Fairey.; she included the said executor and said legatees under the will of F. W. Fairey, deceased, parties defendant to her action along with the son and daughters of Mrs. A. S. M. Patrick and B. W. Gates, who represented one of such daughters. Only the defendants, the said daughter and son of Mrs. A. S. M. Patrick, and B. W. Gates and J. R. Hamilton, as executors of the last will of F. W. Fairey, deceased, answered the complaint. The defendants, B. W. Gates and Lizzie Gates, set up in their answer a denial that plaintiff had any cause of action, on the ground that she was a party to the deed for partition made in 1889, by which this 181 acres were vested in her sister, Mrs. Mary A. Dantzler, and the said B. W. Gates and the said Mrs. Lizzie Gates, and these defendants also set up in their answer that their deed to F. W. Fairey, while purporting to be an absolute deed, was really only intended and was accepted as a mortgage for the sum of $25. The defendant, Mrs. Hattie C. Bruce, in her answer, insisted that the plaintiff had no cause of action because of the deed made by her touching the 181 acres of land in the year, 1889, and also alleged that her deed to F. W. Fairey was really a mortgage to secure a sum of money which has long since been paid, to wit : in the lifetime of the said F. W. Fairey, now deceased. The other defendants, except J. R. Hamilton, united in a denial of the cause of action of the plaintiff, alleging as the ground therefor the deed made by her in 1889 for a partition of the lands in question, under which partition the plaintiff had received, and still retained, lands. The defendant, J. R. Hamilton, as executor, set up as subsisting deeds the two executed to his testator by the defendants, B. W. Gates and Mrs. Lizzie Gates and Mrs. Hattie C. Bruce.

At the hearing before Judge Aldrich, the defendant, J. R. Hamilton, demurred to so much of the answers of B. W. Gates, Mrs. Lizzie Gates, and Mrs. Hattie C. Bruce as set

up that their deeds were but mortgages. Judge Aldrich dismissed the demurrer. Thereafter the action came on for trial upon testimony and the pleadings. There were some objections to testimony which were overruled. Upon the merits, the Circuit Judge held that plaintiff was not entitled to the relief she prayed for, and also between the defendants, he held that F. W. Fairey held the two deeds only as mortgages; that the defendant, J. R. Hamilton, as executor, &c., of F. W. Fairey, was entitled to a judgment against B. W. Gates and Mrs. Lizzie Gates for the sum of $25, and interest thereon from 24th March, 1886, to wit: $47.30, payable in ninety days, and if not so paid, then the master shall sell their interest and estate in the Crossroads or Zeigler tract for cash, &c.; that the defendant, J. R. Hamilton, as executor, was entitled to no judgment against Mrs. Hattie C. Bruce, but on the contrary was indebted to her in the sum of $100. The Circuit Judge then decreed that the plaintiff and the estate of F. W. Fairey should pay the costs. Before going further, it is well to state that Judge Aldrich adjusted the equities between the heirs at law of Mrs. A. S. M. Patrick. The decree of Judge Aldrich and the deed made in 1889 will be reported.

The plaintiff and the defendant, J. R. Hamilton, appeal from the decree and as their grounds of exception present the following: The defendant, J. R. Hamilton, executor, appeals from the said decree upon the following grounds and exceptions: 1st. Because the Circuit Judge erred in overruling the demurrer to the answer of B. W. Gates and Lizzie E. Gates, and in overruling the demurrer to the answer of H. C. Bruce. 2d. Because the Circuit Judge erred in admitting, over objections, statement of account between G. Y. Patrick and V. V. Brickle, who were not parties, and which was written out on a sheet of paper and not signed by any person. 3d. Because his Honor erred in admitting the testimony of W. F. Patrick, over objections, as to conversations and statements made by F. W. Fairey, deceased, relative to transactions with himself, the defendants, B. W.

Gates, H. C. Bruce and others interested in the suit, when he (Patrick) is a party to the action and interested in the result. 4th. Because his Honor erred in admitting, over objections, the testimony of witness, B. W. Gates, as to conversations and transactions between himself and F. W. Fairey, deceased, when he (Gates) is a party to the action and interested in the result. 5th. Because his Honor erred in admitting the testimony of the witness, A. H. Bruce, as to conversations and transactions between himself and F. W. Fairey, deceased, when the same was not admissible, because they are not responsive to the issues, and where the witness admits that he had some interest in the result. 6th. Because his Honor erred in finding that the deed from the defendants, B. W. Gates and Lizzie F. Gates, to F. W. Fairey, was given as security for a debt and, therefore, a mortgage, when the said deed was absolute on its face, with general warranty and no written defeasance, and there was no competent testimony upon which to base such a finding. 7th. Because his Honor erred in finding that the deed from the defendant, H. C. Bruce, to F. W. Fairey was given as security for a debt and, therefore, a mortgage, and that said debt has been paid, when said deed was absolute on its face, with general warranty and no written defeasance, and no competent testimony to support such findings. 8th. Because his Honor erred in finding that J. R. Hamilton, as executor of F. W. Fairey, was indebted to Mrs. H. C. Bruce in the sum of $100, being amount overpaid on the sale of a certain lot, when no such issue was made in the pleadings, when Mrs. Bruce in her answer does not allege nor demand such amount, nor any other amount to be paid by appellant, and where there is no competent testimony to warrant such a finding. 9th. Because his Honor erred in finding that this appellant should pay one-half of the costs, because much of the litigation was due to his efforts to sustain the deeds to his testator, F. W. Fairey, when he was brought into the action by the order of Court after it was ascertained that he held such deeds, and when it was his duty, as executor, to

claim for his testator's estate what the said deeds purported on their face to embrace, and when there was no testimony showing that he had any knowledge of the transactions more than appeared on the face of the papers.

The plaintiff appeals from the said decree upon the following grounds and exceptions: 1st. Because his Honor erred in finding that the agreement for partition was binding, and ordered the same to be carried out in accordance with its stipulations, when F. W. Fairey, at the time said agreement was made, held the legal title to the interests of three of the parties to said agreement in the land in question, which was embraced in said partition and division, and he (Fairey) was not a party to the same. 2d. Because his Honor erred in finding that said agreement for partition was binding and should be carried out, when the testimony showed that none of the parties had complied with it after five years had elapsed from the time of execution, and that the same was impossible of performance, because one lot assigned to the plaintiff did not belong to the estate being partitioned. 3d. Because his Honor erred in finding that the plaintiff should pay one-half of the costs of the proceedings when the same was brought to effect a final settlement between all of the parties interested, which as appears from all the testimony could not be done without action of some nature, when he should have found that each of the parties should pay his or her share of the costs proportioned as to their several interests.

We will now examine these grounds of appeal on their merits, first disposing of those presented by J. R. Hamilton. This appellant thinks that the Circuit Judge erred in overruling the demurrer interposed to portions of the answers of B. W. Gates and Mrs. Lizzie Gates and also that of Mrs. Hattie C. Bruce. The answer of Mr. and Mrs. Gates in the IV., V., and VI. paragraphs thereof deals with this matter. The exact language of the answer on this point is: "IV. That on or about the 24th day of March, 1886, these defendants executed and delivered to one

F. W. Fairey their deed of conveyance, whereby they conveyed to him all the interest of the said Lizzie E. Gates, by the name of E. E. Gates, in the said tract of land described in said complaint, but they allege that the said conveyance, although absolute on its face, was intended as a mortgage only, and as a security for the repayment to the said F. W. Fairey of the sum of $25, and the interest thereon, the said sum having been borrowed by the said B. W. Gates from the said F. W. Fairey; and they demand the production of the said deed of conveyance. These defendants suppose that it is under the said F. W. Fairey that the said J. R. Hamilton claims an interest in said land. V. That on the 27th day of March, 1886, the said B. W. Gates and F. W. Fairey entered into an agreement by which it was agreed that the said B. W. Bates should remain in possession of said land, and that the said F. W. Fairey should convey the same to him at any time when he should pay the sum of $25, and $3 rent for a house and lot in Bamberg, occupied by said B. W. Gates, over and above the taxes and rent for said tract of land, which by said agreement was fixed likewise at $3 per annum; that the said B. W. Gates occupied said house and lot for about five years, and he regularly paid his portion of the taxes on the land described in the complaint, but that the said F. W. Fairey never exacted the payment of the rent of either the land or the house and lot, and never intended that the same should be paid; and they allege that any claims for said rent is barred by the statute of limitations, which they plead in bar thereof. VI. They allege that they are perfectly willing that the said mortgage debt of $25, with lawful interest thereon from the 24th day of March, 1886, shall be paid out of the interest of the said B. W. Gates and Lizzie E. Gates in said tract of land, but they deny that said J. R. Hamilton has any other claim upon said land save as assignee of said F. W. Fairey as an equitable mortgagee." The "Case" discloses that the appellant bottomed his support of the demurrer upon the facts that in the paragraphs of the answer we have just quoted there is an absence of any allegations that

the deed from these two defendants to F. W. Fairey was procured through ignorance of the grantors, through mistake, undue influence, or fraud; which, he conceived, were necessary allegations; and also because it is not alleged in such paragraphs of the answer that such deed was given as a security for a debt.  It is not an unusual thing to happen in this State that, for some cause or other, a deed, absolute on its face, is taken, when only a pledge of land as security for a debt is intended.  In such instances our Courts demand that the evidence shall be clear and convincing that it was a mortgage, and not a deed absolute, which was intended.  *Arnold* v. *Mattison,* 3 Rich. Eq., 153; *Petty* v. *Petty,* 52 S. C., 54; 3 Pom. Eq. Ju., sec. 1196.  We are unable to recall any decision of our Courts that go anything like the length proposed by the appellant.  Indeed, we might say that there are no cases in our reports of the character referred to.  It will be noticed that in the fifth paragraph of the answer, now under consideration, it is alleged that an agreement was entered into on the 27th of March, 1886, between Fairey and B. W. Gates, which showed that the deed to Fairey was a security for a debt, and one not large in amount.  It is true that it is not alleged that this agreement is in writing (though it afterwards proved to be so), yet its terms are so definite that one would in looking at them so conclude.  That the deed was a security for a debt is definitely alleged; therefore, these deeds of 24th March, 1886, and 27th March, 1886, may be construed together as furnishing the scheme of the parties, as we have no doubt all of the parties. so intended.  We must hold, therefore, that the demurrer, so far as the answers of B. W. and Mrs. Lizzie Gates are concerned, was properly overruled.

It remains for us to consider that directed against the answer of Mrs. Hattie C. Bruce.  The allegations of the answer of Mrs. Bruce are not as distinct as those of the answer of Gates, but still its allegations are positive that the deed was intended as a security for a debt—to be, therefore. a mortgage, and that such debt was paid in the lifetime of F.

W. Fairey.    The appellant urges the same grounds in sup-
port of the demurrer that we have just overruled.    We re-
peat in this connection that our Courts have never adopted
such strict rules as those set up by appellant.    We do re-
quire that the proof shall be clear and convincing that only a
security for a debt was in the minds of the parties.    We
overrule the exception numbered one.

We will next consider the exceptions relating to the ad-
mission of testimony.    In the second exception it is com-
plained that the Circuit Judge should not have con-
sidered a statement of account between G. Y. Patrick
and V. V. Brickle.    A short reference to the facts as
they appear in the "Case" will be necessary to bring out with
some clearness the question now made by appellant.    It
seems that G. Y. Patrick was the husband of Mrs. A. S. M.
Patrick, and the father of the plaintiff and other heirs at law
of Mrs. Patrick, so these people were also his heirs at law.
V. V. Brickle was the husband of Mrs. M. R. Brickle.    Old
Mr. Patrick bought one acre of land from V. V. Brickle,
and upon this acre a dwelling house was built for Mrs. M.
R. Brickle.    V. V. Brickle did not execute a deed to the one
acre, but gave a bond for title.    This acre and house vested,
under the deed executed between the heirs at law of Mrs.
Patrick in the year 1889, in Mrs. Brickle.    It was important
to show that V. V. Brickle had been paid by G. Y. Patrick
all the purchase money of the acre of land, and this account
between Mr. Brickle and Mr. G. Y. Patrick showed this.
We see no error here.

The appellant excepts to W. F. Patrick being allowed to
testify to conversations and  declarations made by F. W.
Fairey, deceased, relative to transactions of said Fairey and
B. W. Gates. "when he, Gates, is a party to the action
and interested in the result."    We cannot see that
because B. W. Gates is a party to the action and in-
terested in the result, that another witness, to wit: W. F.
Patrick, cannot detail such conversations or declarations he
may have heard Mr. F. W. Fairey make while alive.    R. W.

Gates could not detail such declarations or conversations made to him by Mr. Fairey, but the same reason does now apply to Mr. Patrick.    This exception is overruled, because the said witness, W. F. Patrick, is not prevented from testifying by any provision of section 400 of the Code.

The next question is not so free from difficulty, if, as appellant suggests, the Circuit Judge permitted the testimony of B. F. Gates as to transactions of such witness with F. W. Fairey; but we will consider the materiality of this testimony of B. W. Gates when we come to pass upon the sixth ground of appeal; for, if the testimony of B. W. Gates was immaterial, even if the Circuit Judge erred in not striking it out as incompetent, no harm has come to the appellant.    So we will now pass upon the sixth exception, which relates to the alleged error of the Circuit Judge in holding that the deed of B. W. Gates and Mrs. Lizzie Gates to F. W. Fairey for their two-sevenths of the 181 acres at the consideration of $25, was a mortgage and not a deed.    The testimony in this case establishes the value of the 181 acres of land to be $1,060.    Thus B. W. Gates and Mrs. Lizzie Gates, if J. R. Hamilton is correct, sold to F. W. Fairey what was worth about $300, for the sum of $25, and that, too, when Mr. Fairey knew the lands, for he held the legal title from the year 1869.    But all trouble in regard to this deed vanishes when it is construed along with what is called the lease executed by F. W. Fairey to B. W. Gates on the 27th March, 1886, when it is declared in such lease that it was to take effect on the 24th March, 1886, on the very day, in fact, on which the deed itself was executed to Fairey, and in this lease Fairey binds himself to make a deed to B. W. Gates for the land on the payment of $25. This lease, together with the testimony of W. F. Patrick, shows plainly that it was a mortgage and not a deed that B. W. Gates and Mrs. Lizzie Gates made to F. W. Fairey to secure a debt of $25, and hence any admissions, conversations or transactions between Fairey and Gates, so far as

being testified to by B. W. Gates, was immaterial. Hence fourth and sixth exceptions are overruled.

So far as the fifth and seventh exceptions are concerned, we may remark that A. D. Bruce, the husband of the defendant, Mrs. Hattie C. Bruce, was a competent witness to testify to what took place between his wife and Mr. Fairey in regard to the purchase and sale of the house and lot in Branchville—*Eichelberger* v. *Hughey and wife*, 11 S. C., 36—and that the deed executed by his wife to Fairey was intended as a security for that debt and not as a deed absolute. We do not find any difficulty in adopting the finding of fact by the Circuit Judge that this deed was intended as a mortgage. These exceptions are overruled.

Now as to the eighth exception, which complains of the Circuit Judge for having decreed that J. R. Hamilton, as executor, &c., for F. W. Fairey, deceased, should pay to Mrs. Hattie C. Bruce the sum of $100, we think it has substance. The defendant, Hamilton, as executor, was not called upon by the pleadings to answer any such demand at the hands of Mrs. Bruce. If the statute of limitations was a bar, he had no opportunity to plead it. We are not satisfied with the conclusion of the Circuit Judge in this particular, and must sustain this exception.

We do not see any objection to requiring the estate of F. W. Fairey, deceased, to pay one-half of the costs. Such estate is the losing party. Besides, this is a matter very much in the discretion of the Circuit Judge on the equity side of his Court. The ninth exception is, therefore, overruled.

Having thus disposed of the exceptions presented by J. R. Hamilton, we will now turn to the exceutions presented by Mrs. M. R. Brickle, the plaintiff. We must overrule these exceptions, for we think it is abundantly established that all the heirs at law of Mrs. Patrick, as well as the same parties as heirs at law of Mr. Patrick, their father, did, in the year 1889, make a deed by which this 181

acres was vested in the defendant, Mrs. Dantzler, and B. W. and Mrs. Lizzie Gates. As long, therefore, as this deed stands, the plaintiff has no right to ask partition of this land. We think the Circuit Judge in his decree has taken pains to adjust all the rights of parties under this deed of 1889. Since we have disposed of the contention between Hamilton, as executor, and Mrs. Hattie C. Bruce and B. W. Gates and Mrs. Lizzie Gates by upsetting said Hamilton's claim against them as holding only mortgages, instead of deeds, the way of the plaintiff is clear. The plaintiff certainly received a house and lot under this deed for family partition in 1889, and she has never returned it or offered to return it. In equity, she has shut the door against herself as to obtaining any such relief as she now prays. She ought to pay half the costs as decreed by the Circuit Judge; she is a losing party. Her exceptions are, therefore, overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be modified, as that J. R. Hamilton, as executor, &c., of F. W. Fairey, deceased, shall not be required to pay unto the defendant, Mrs. Hattie C. Bruce, the sum of $100, and in all other respects such judgment is affirmed; and the action is remanded to the Circuit Court for such other proceedings as may be necessary.