## BOULAND v. CARPIN.

1. The provisions of the code permitting the judge to order a reference, must be read in subordination to the constitutional guaranty of trial by jury; but where the case is purely one of equitable cognizance, as, *e. g.*, between partners for an accounting, the judge may order a refer-

ence where he is satisfied by the pleadings, or by affidavits, that it is a proper case to be referred.

2. Action for damages is not a matter of equity jurisdiction, but where asserted by way of counter-claim, growing out of the equitable case made in the complaint, the jurisdiction of the Court of Equity is not ousted.

3. Point raised by respondent in his argument that the order of reference complained of was not appealable, not considered—as respondent had made no motion to dismiss the appeal, nor given any notice that he would rely on such a position.

Before HUDSON, J., Greenville, November, 1886.

The case is fully stated in the opinion of this court.

*Messrs. Perry & Heyward*, for appellants.

*Messrs. Wells, Orr & Morgan*, contra.

July 19, 1887.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   The plaintiff alleges the formation of a partnership between himself and the defendant on the 5th of January, 1881, for the purpose of establishing a vineyard, the cultivation of the same, and the disposal of the proceeds thereof; that the place selected for the establishment of the vineyard was a certain tract of land in Greenville County, the title to which was in the name of the defendant, certain portions of which were to be provided with permanent plants each year for the series of years mentioned, with the option of extending the planting over the entire tract; that in accordance with the terms of the agreement of partnership the plaintiff advanced large sums of money as loans to the partnership; that the defendant was to have the charge and management of the plantation and the affairs of the partnership until some other arrangements should be made, he being bound to render detailed statements of the affairs of the partnership, twice in each year, during certain specified months, and to open and keep such books as might be necessary for keeping the accounts of the partnership; that it was further agreed that at some convenient time thereafter rules should be established for the purpose of determining the share of each partner in the

proceeds arising from the partnership operations, and at the same time the basis upon which the loans of the plaintiff, with interest at five per cent., as agreed upon, were to be repaid, not, however, before the fifth of January, 1886; that all matters not specially provided for in the agreement should be regulated by the law relating to partnerships; that in pursuance of said agreement the defendant took charge of the said business, and, with the money furnished by plaintiff, planted a large part of the vineyard, and made valuable improvements thereon; that the defendant neglects and refuses to make the semi-annual statements provided for, has never paid any of the loans made by plaintiff, and will not enter into any agreement as a basis for the repayment of the same, will not come to any agreement as to the shares of the partners, and refuses to give the plaintiff any information ·in relation to the partnership affairs, denying that plaintiff has any interest in the business, although the plaintiff has furnished all the capital; that all the products of the vineyard have gone into the possession of the defendant, who is converting the same to his own use, and, finally, that the defendant has so conducted himself towards the plaintiff as to forbid his going on the partnership premises. The plaintiff, therefore, demands judgment: First. For the appointment of a receiver. Second. For an account of the partnership affairs; that the partnership property be sold, the loans made by plaintiff repaid with interest, and the remainder of the proceeds be divided between the parties according to their respective rights.

The defendant answers, and admits the formation of the copartnership, but denies that the terms of such partnership are correctly stated in the complaint, and denies every allegation of the complaint except as above admitted. He also pleads a counter-claim, alleging that by reason of the failure of the plaintiff to comply with his part of the terms of the agreement, the defendant has sustained damages to a large amount for which he demands judgment.

At the call of the case the following order was granted: "On hearing the pleadings in this case, on motion of Wells, Orr & Morgan [who were the attorneys for the plaintiff], it is ordered, that it be referred to the master, S. J. Douthit, Esq., to take the

testimony in this case, and report the same to this court; that he state the accounts of the partnership, and his findings of fact and conclusions of law, with leave to report any special matter. It is provided, however, that the said statement of the accounts shall not be prejudicial to either party's right to question legality of accounting, or liability of defendant to account. The master is to pass upon all issues in the case and report the same to the court with the testimony, and either party is at liberty to have his findings and conclusions reviewed on exceptions."

To this order defendant excepted, and now appeals therefrom upon the following ground: "That his honor erred in referring all the issues in the cause, both of law and fact, to the master, against the positive objection of defendant's attorneys."

Section 293 of the Code provides that, "Where the parties do not consent, the court may, upon the application of either, or of its own motion, except where the investigation will require the decision of difficult questions of law, direct a reference in the following cases: 1. Where the trial of an issue of fact shall require the examination of a long account on either side, in which case the referee may be directed to hear and decide the whole issue, or to report upon any specific question of fact involved therein; or (2) where the taking of an account shall be necessary for the information of the court before judgment, or for carrying a judgment or order into effect. * * * (4) The reference shall be made, in all counties in which the office of master has been established, to a master." While, of course, this provision of the code must be read in subordination to the provisions of the constitution securing the right of trial by jury in certain cases, as where, for example, one of the issues is as to title to land (as in *De Walt* v. *Kinard*, 19 *S. C.*, 286), yet where no such issue is presented, and where the case is one of equitable cognizance, the above provision of the code clearly applies, unaffected by the constitutional provision above referred to.

Here it seems to us clear that the case, as made by the pleadings, was one purely of equitable cognizance, for in effect it was an action for account and settlement of the affairs of an admitted partnership, which was always regarded as an appropriate subject for equitable cognizance. We are unable to discover from the

pleadings, upon which alone the order appealed from seems to have been granted, a single feature of a law case, except, possibly, the claim for damages set up by way of counter-claim, and even as to that the jurisdiction of the Court of Equity would not be ousted. For while it is true that a claim for damages pure and simple is not a matter for equitable jurisdiction, yet when such a claim arises, as incidental to other relief sought, of which a Court of Equity does have jurisdiction, then that court may proceed to award damages either by reference to the master or by ordering an issue of *quantum damnificatus,* to be tried by a jury. *Bird* v. *Railroad Company,* 8 *Rich. Eq.,* 46, 64 *A. D.,* 739; *Lamar* v. *Railroad Company,* 10 *S. C.,* 476, and *Bath Paper Company* v. *Langley,* 23 *Id.,* 145.

It will be observed that the provision of the code is permissive merely, not mandatory, and, therefore, neither party has the legal right to demand a reference of all the issues to the master, but it is a matter addressed somewhat to the discretion of the court. The judge to whom the motion is submitted must determine whether the case is such as to warrant such a reference; and this he may determine, either from an inspection of the pleadings, or from affidavits submitted as to the nature of the case, and the necessity for a long account, and whether "the investigation will require the decision of difficult questions of law." Here we agree with the Circuit Judge that the pleadings were, of themselves, sufficient to show that an accounting of partnership affairs, extending over a series of years, would be required, and there was nothing to indicate that the investigation would require the decision of any difficult question of law.

One of the points suggested in the brief submitted by the counsel for appellant is that even if the case were one proper for a reference, the plaintiff failed to made a sufficient showing to entitle him to the order. Exactly what this means, we do not understand. What essential requirement has been omitted, was not suggested or pointed out, and we have not been able to discover any. As we have said, the pleadings alone were quite sufficient to show that it was a proper case for reference; and all that was necessary was that the judge, to whom the motion was submitted, should be satisfied that it was a proper case for refer-

ence, and if the pleadings were sufficient, as we think they were, to show that fact, there surely could be no necessity that the same fact should be made to appear by affidavit.

Counsel for respondent, in his brief, presents the point, supporting it by the authorities, that the order of reference was not appealable. While there seems to be great force in this position, inasmuch as the order appealed from is somewhat discretionary, and certainly not final, and possibly does not involve the merits, yet, as there was no motion to dismiss the appeal upon this ground, and no notice given by respondent that he would seek to sustain the order appealed from on this ground, and as the question was not argued by counsel for appellant, possibly, for the reason that he had no notice that any such question would be raised, we do not now propose to consider it, or make any ruling upon the subject. We will, however, merely suggest that this case differs materially from the case of *Ex parte Maurice*, 24 *S. C.*, 173, for there it appeared from the record that the order of reference appealed from had been granted before the necessary parties were before the court and before the issues were properly joined.

The judgment of this court is, that the order appealed from be affirmed.