## FERGUSON *v.* HARRISON.

1. APPEALABLE ORDER OF REFERENCE.—An order of reference that deprives a party of a mode of trial to which he is entitled by law, involves the merits and is therefore appealable under subdivision 1 of section 11 of the Code.

2. ORDER OF REFERENCE—NOTICE.—An order of reference may be passed in court on the call of the case for trial, without previous notice of the motion for such an order.

3. ORDER OF REFERENCE.—OMNIA RITE.—Where the Circuit Judge ordered a reference in an equity cause with the pleadings before him and after statements of counsel as to the questions involved, this court, not informed as to what those statements were, refused to declare that there was no sufficient showing to justify a reference.

4. IBID.—IBID.—Issues of law or fact or both may be referred to a referee for trial without consent, where the examination of a long account is involved, or the taking of an account is necessary ; and where such an order is passed, this court will assume that the necessary conditions existed, the contrary not having been made to appear.

5. CASES CRITICISED.—This case distinguished from *Smith & Co.* v. *Bryce*, 17 S. C., 538, and *Pelzer* v. *Hughes*, 27 *Id.*, 418, and the latter case explained and limited.

6. CONTINUANCE—REFERENCE BY CONSENT.—Where the trial judge grants a continuance upon condition that the cause be referred to the master and an order of reference is then passed, an acceptance of the continuance operates as a consent to the reference.

Before ALDRICH, J., Greenville, March, 1890.

Action by Ferguson & Miller against John H. Harrison and others. The opinion states the case.

*Messrs. Perry & Heyward*, for appellant.

*Messrs. Wells & Orr*, contra.

June 17, 1891. The opinion of the court was delivered by

MR. JUSTICE MCIVER. The plaintiffs, as existing creditors of the defendant, John H. Harrison, brought this action to set aside an alleged voluntary deed to his wife, and also certain mortgages made by the wife to the defendants, Samuel E. Harrison and Richard Harrison, brothers of said John H. Harrison, under the allegation that the same were made with intent to hinder, delay, and defraud the creditors of John H. Harrison. The defendants answered, denying all fraud, and alleging that the deed to the wife was made upon the understanding that she would secure the two brothers in the claims they held against her husband, and was not, in fact, without consideration ; and the mortgagees demanded that their mortgages should be foreclosed.

The case being at issue and on the docket for three terms,

when it was called for trial at the third term, the defendants, John H. Harrison and his wife, moved for a continuance, upon the ground of the sickness of some of their children, though no affidavits to that effect were presented. The motion to continue was resisted by the plaintiffs, who insisted "that some progress should be made, as this was the third term on the calendar, and these defendants were destroying the value of the mortgaged premises, already scant security, by cutting, sawing, and selling off the lumber. An order of reference was then suggested by plaintiffs' attorneys. The questions involved were then stated by the respective counsel. Plaintiffs moved for an order of reference. No written notice of this motion, or affidavit in support thereof, was submitted, the motion being based upon what was stated in open court. The counsel for John H. and Nannie E. Harrison stated that they objected to a reference. The attorneys for Samuel E. and Richard Harrison neither consented nor objected to the order of reference, but stated that they were willing to unite with the other defendants in any course they might pursue. Judge Aldrich stated that it was such a case as was referable under the Code, that the plaintiffs were entitled to a trial, but under the circumstances he would not force them to an immediate trial; that he would, during the term, either try the case himself, or refer it, if these defendants did not wish to leave their children. The attorneys for John H. and Nannie E. Harrison said that their clients did not wish to come away from their children again; again urged a continuance, and refused to consent to a reference. Thereupon the judge stated that he would not continue the case, and passed an order of reference in the following words: "On hearing the pleadings in this case, it is ordered that it be referred to the master to take the testimony in this case and report the same to the court, together with his conclusions of law and fact."

From this order defendants appeal, upon the several grounds set out in the record, which impute error to the Circuit Judge in granting this order, for the several reasons suggested therein, which will be hereinafter stated and considered. While there is no such statement in the record as prepared for argument here, yet the fact is conceded in the "Brief" presented by appellant's

counsel, that respondent's counsel served on appellants a notice "that they will ask the court to sustain the order upon the ground that the same is not appealable," and hence we are at liberty, as we would not otherwise be, to consider that question.

Section 11 of the Code specifies the cases in which an appeal may be taken to this court, as well from a final judgment as an intermediate order. It is very clear that the order under consideration is not appealable under subdivision (3) of that section, for that relates to an order made in a special proceeding. It is equally clear that it does not fall under subdivision (2), for that relates to orders which must not only affect a substantial right, but must in effect determine the action, &c., and as no such effect can be attributed to the order in question, it certainly cannot be appealable under that subdivision. *Garlington* v. *Copeland*, 25 S. C., 41. If, therefore, it is appealable at all, it must be under subdivision (1) of that section, which gives the right of appeal from an intermediate order "involving the merits." What is the precise meaning of the words just quoted has never, so far as we know, been distinctly determined. But in the case of *Blakeley* v. *Frazier* (11 S. C., 122), it was held that whenever a substantial right of a party to an action, material to obtaining a judgment, is denied, this subdivision of section 11 secures the right of appeal to this court; and, as we suppose, the mode of trial, whether by the court, by a referee or master, or by a jury, is a matter material to obtaining a judgment, it follows that where a party is denied the mode of trial to which he is entitled by law, and required by an order to submit to some other mode of trial, such order is appealable.

While, therefore, every order of reference is not appealable, yet there are some which are. To determine, therefore, whether the order in question is appealable, it is necessary to inquire, as in *DuPont* v. *DuBos* (33 S. C., 389), whether any substantial legal right of the appellants has been denied by referring all the issues in the action to the master. The first objection to the order, raised by the grounds of appeal, is that it was granted without previous notice that such order would be applied for. We have not been cited to any law, and we do not know of any, which requires notice in a case like the present.

The second objection is, that "no sufficient showing was made as to whether or no it was such a cause as could be referred to the master without consent of all parties." The Circuit Judge had before him the pleadings in the cause, copies of which are set out in the "Case," and they were quite sufficient to show what was the nature of the case—that it was one of purely equitable cognizance, involving no issues which either party had the right to trial by jury, and hence we see nothing in this objection. *Bouland* v. *Carpin*, 27 S. C., 235. Besides, it is stated in the "Case" that the questions involved were stated by the respective counsel; and surely, with the pleadings before him and these statements of counsel, the Circuit Judge had the fullest means of ascertaining the nature of the case and the character of the issues involved.

The next objection seems to be that the judge erred in referring the issues of *law* as well as of *fact* to the master, even if it were a proper case for reference without consent. The Code certainly contains no such limitation on the right to order a reference. On the contrary, section 292 expressly provides that "*all or any* of the issues in the action, whether of fact, or law, or both, may be referred," &c., where the parties consent, or, in certain specified cases, presently to be considered, when the parties do not consent. We suppose, therefore, that the real point of this objection will be found in the third ground of appeal, where it is claimed that, inasmuch as the trial would "require the decision of difficult questions of law," the Circuit Judge had no power to refer any of the issues under the special exception contained in section 293. But whether the decision of difficult questions of law would be required, was a matter for the Circuit Judge to determine, and which we must assume he did determine, before granting the order. Assuming, then, that he did determine that there was no such difficult questions of law to be decided as would bring the case within the exception contained in section 293, we must say that we see no error in such determination. So far as we can perceive, from an examination of the pleadings, the issues presented are mainly issues of fact.

It is contended, however, that a Circuit Judge has no right to order a reference of any case to the master or referee, without

the consent of the parties, except in two specified cases. 1st. "Where the trial of an issue of fact shall require the examination of a long account on either side; in which case the referee may be directed to hear and decide the whole issue, or to report upon any specific question of fact involved therein. 2nd. Where the taking of an account shall be necessary for the information of the court before judgment, or for carrying a judgment or order into effect," &c. (Code, § 293), and it is insisted that no such accounting was necessary in this case. Whether such was the fact was a matter necessarily to be determined by the Circuit Judge, in the first instance at least; and if necessary, we would assume in the absence of any evidence to the contrary, that the Circuit Judge had before him enough to satisfy him of that fact. *Cartee* v. *Spence*, 24 S. C., 550. Now, he had before him not only the pleadings, which we also have, but in addition thereto the statements of the respective counsel as to the questions involved, which statements are not before us, and it may be that they, in connection with the pleadings, were sufficient to satisfy him that the taking of a long account would be necessary to ascertain the true state of the indebtedness alleged to exist on the part of John H. Harrison to his two brothers. At all events, we could not undertake to say that such was not the fact. This case is distinguished from *Smith & Co.* v. *Bryce* (17 S. C., 538), for there the action was upon a plain money demand, in which the parties were clearly entitled to a trial by jury, while here the action is one of purely equitable cognizance, in which the right of trial by jury is not and cannot be claimed.

While, therefore, we are of opinion that, even in an equity cause, the Circuit Judge has no power, without the consent of the parties, to refer the issues to a master or referee *for trial* (though he may order *the testimony taken and reported* by a referee, *McSween* v. *McCown*, 21 S. C., 371), unless the case falls under subdivision (1) or (2) or (3) of section 293 of the Code, yet in this case we must assume that the Circuit Judge had before him sufficient to show that the case did fall under one of those subdivisions. It is true that the case of *Pelzer* v. *Hughes* (27 S. C., at page 418), does contain some expressions which, unless read in connection with the point there made, might imply that

the issues in any equity cause may be referred to the master without the consent of the parties; but when read in connection with the point there made, as they should be, there is no room for any such implication. The only point made there was as to whether the defendant was entitled to a trial *by jury*, and can have no reference to his right to a trial *by the court*. Here, however, appellants insist upon their right to a trial by the court, and do not claim a right to a trial by a jury; and hence we do not think that case applies to the present.

But in addition to what we have said, it seems to us that the order of reference appealed from may well be regarded as an order by consent. For this reason we have been careful to copy in full from the "Case" the statement of what occurred in the court below just before the order in question was passed. From that statement it seems to us that defendants were offered the alternative either to go to trial at once, or accept a reference. The motion to continue was addressed to the discretion of the court, which could have either refused it absolutely or granted it upon terms; and practically it was granted upon the condition that the case should be referred to the master. The fact that the attorneys for appellants, after being offered the alternative, still "urged a continuance and refused to consent to a reference," cannot avail them, for after having accepted a continuance which was only granted upon a condition, they cannot now be permitted to repudiate the condition upon which their motion was granted. It seems to us, therefore, that we cannot, in any view of the case, say that there was any error in granting the order of reference.

The judgment of this court is, that the order appealed from be affirmed.