### GREEN v. McCARTER.

1. REFERENCE—JURISDICTION.—After a Circuit Judge revokes an order of reference, the case stands as if no such order had ever been made.

2. IBID.—CHAMBERS.—In a proper case a Judge at chambers may make an order of reference.

3. IBID.—IBID.—If the pleadings show that the investigation of the case will not require the decision of difficult questions of law, and that taking an account may well be considered necessary for information of the Court, it may grant reference of all issues at chambers on motion.

4. PARTY—FORECLOSURE.—AN ADMINISTRATOR may be made a party defendant to a foreclosure suit commenced within twelve months after his appointment, if no judgment be asked against him for deficiency.

Before TOWNSEND, J., Greenville, September, 1901. Affirmed.

Foreclosure by J. Lee Green against Annie McCarter *et al.* From order granting reference of all issues on motion at chambers, defendants appeal.

*Messrs. Heyward, Dean & Earle,* for appellants, cite: *Judge had no jurisdiction at chambers to pass the order:* Rev. Stat., 2244, and citations. *And such order was error:* 25 S. C., 79; 34 S. C., 174; Code, 293. *Action cannot be maintained against administrator within one year:* Rev. Stat., 2322; 9 S. C., 430; 10 Rich. Eq., 494; 23 Stat., 350; 21 Stat., 816; 22 Stat., 195.

*Messrs. Carey & McCullough,* contra, cite: *This Court can review order alone and not oral utterances made by Judge at time:* 58 S. C., 170; 56 S. C., 110; 55 S. C., 6. *Judge had jurisdiction at chambers to hear and dispose of the motion:* Rev. Stat., 2244; 46 S. C., 152. *And order was within his discretion:* 40 S. C., 531; 50 S. C., 514; 34 S. C., 169; 17 Ency. P. & P., 1,000; 32 S. C., 281; 24 S. C., 550; 27 S. C., 428; 33 S. C., 394; 20 S. C., 584. *Action can be*

*maintained against executor within one year, if no judgment
for deficiency be asked for:* 56 S. C., 43; 23 Stat., 349.

June 19, 1902. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action to foreclose an
equitable mortgage. On the 26th of July, 1901, his Honor,
Judge Klugh, granted an order of reference to the master, to
take the testimony and report the same to the Court, together
with his conclusions of law and fact, and with leave to report
any special matter. This order was made without notice to
or the knowledge of defendants' attorneys. As soon as said
order was brought to their attention, they gave notice of
motion for an order rescinding the order of reference, upon
the ground that said order was granted without notice to and
without the knowledge or consent of the defendants or their
attorneys, and upon the further ground that the cause was
not then in condition to be referred. On the 10th of August,
1901, Judge Klugh granted an order revoking the order of
reference. On the 7th of September, 1901, the plaintiff's
attorneys served notice of motion for an order referring the
cause to the master, to take the testimony and report the
same, together with his conclusions of law and fact. At the
hearing of this motion, counsel for the defendants contended
that the matter had already been heard and disposed of by his
Honor, Judge Klugh; that the Circuit Judge had no jurisdiction, at chambers, to hear the motion, and that the cause is
not one in which the Court could refer all the issues without
the consent of the defendants. On the 13th of September,
his Honor, Judge Townsend, made an order that the motion
be granted, and that all the issues of law and fact be referred
to the master, with directions to report thereon.

The defendants appealed, and their first exception is as
follows: "1. That his Honor erred in considering this
motion, after the same had been heard and decided by
another Circuit Judge." When Judge Klugh revoked his first order, the case stood just as if no order

had been made therein. Judge Townsend was, therefore, untrammeled in making the second order of reference. This exception is overruled.

The second exception is as follows: "2. That his Honor erred in holding that he had jurisdiction, at chambers, to hear and dispose of the motion to refer to the master all the issues in the cause." The case of *Bank* v. *Fennell*, 55 S. C., 379, 33 S. E. R., 485, shows that a Judge at chambers, in a proper case, can grant an order of reference. This exception is overruled.

The third exception is as follows: "3. That his Honor erred in holding that this is a cause that can be referred to the master, without the consent of the defendants, and should have held that, under the provisions of the Code of Procedure, especially sec. 293 thereof, the pleadings here do not disclose a case as can be referred *in invitum*. Sec. 293 of the Code is as follows: "Where the parties do not consent, the Court may upon the application of either, or its own motion, except where the investigation will require the decision of difficult questions of law, direct a reference in the following cases: 1. Where the trial of an issue of fact shall require the examination of a long account on either side; in which case the referee may be directed to hear and decide the whole issue, or to report upon any specific question of fact involved therein; or 2. Where the taking of an account shall be necessary for the information of the Court, before judgment or for carrying a judgment or order into effect; or 3. Where a question of fact, other than upon the pleadings, shall arise, upon motion or otherwise, in any stage of the action. * * *" In commenting on this section, Mr. Chief Justice McIver, on the part of the Court, in *Bouland* v. *Carpin*, 27 S. C., 235, 3 S. E. R., 219, uses this language: "It will be observed that the provision of the Code is permissive merely, not mandatory, and, therefore, neither party has the legal right to demand a reference of all the issues to the master; but it is a matter addressed somewhat to the discretion of the Court. The Judge to whom the motion is

submitted must determine whether the case is such as to warrant such a reference; and this he may determine either from an inspection of the pleadings or from affidavits submitted, as to the nature of the case, and the necessity for a long account, and whether 'the investigation will require the decision of difficult questions of law.' " In the case of *Ferguson* v. *Harrison,* 34 S. C., 169, 13 S. E. R., 332, it was decided that even in an equity case the Circuit Judge has no power, without the consent of the parties, to refer the issues to a master *for trial,* unless the case falls under subdivisions (1) or (2) or (3) of sec. 293 of the Code. Let us see if the pleadings show that the case falls under either of said subdivisions. The complaint, among others, contains the following allegations:

"1. That on the 11th day of June, 1897, one M. E. McCarter was indebted to the plaintiff in the sum of $3,559.15 for value received, and to secure the payment of the same conveyed by way of deed to this plaintiff 335 acres of land in the county and State aforesaid, and one acre in the city of Greenville, more particularly described in the said deed as follows: * * *

"2. That at the same time and as a part and parcel of the same transaction, the plaintiff and the said M. E. McCarter entered into written agreement, a copy of which is as follows: * * * 'Now know all men by these presents, that the conditions and terms of said conveyance and the stipulations with reference thereto is as follows: 1. "The said M. E. McCarter hereby obligates himself, his heirs and assigns, executors and administrators, to pay to said J. Lee Green, six months from the date of these presents, the aforesaid sum, with interest thereon from date at eight per cent. per annum, payable annually, together with fifteen per cent. attorney's fee thereon, in case the said debt is not paid at maturity and is collected by law or through an attorney. 2. The said J. Lee Green on his part hereby obligated himself upon the payment of the aforesaid debt according to the terms and conditions set forth to reconvey said premises unto

the said M. E. McCarter or his order. 3. It is agreed by the parties hereto that in case the said debt is not paid as herein set forth, then the said deed is to have the same force and effect as a mortgage to secure the payment of said debt, interest, costs and expenses."

"5. That plaintiff is now the legal owner and holder of said papers, and that no part of the said debt has been paid except such amounts as are hereinafter mentioned, and there is due and owing the plaintiff on account thereof the sum of $3,559.15, with interest thereon from the 11th day of June, 1897, at eight per cent. per annum, payable annually, together with fifteen per cent. attorney's fees, less the following credits: $146, June 11th, 1898; $599.38, January 23d, 1899. * * *

"7. That on the 25th day of February, 1901, the defendant, James C. McCarter, was appointed administrator of the estate of the said M. E. McCarter by the probate court of said county and State, and he entered upon the discharge of his duties as such and is now acting in that capacity. That he has received several hundred dollars, so this plaintiff is informed and believes, belonging to the said estate."

The complaint also contains a second cause of action, in which the facts are as complicated as those set forth in the first cause of action. The defendants answered the complaint, denying all the foregoing allegations except that James G. McCarter was duly appointed the administrator of the estate of M. E. McCarter, deceased. The answer also alleged that Annie McCarter is the widow of the said M. E. McCarter, and was his lawful wife previous to and at the time of the alleged alienation of the premises described in the complaint. Also, that it appears upon the face of the complaint that even if all the allegations thereof were true, the action cannot now be maintained and should be dismissed. The pleadings show that the investigation will not require the decision of difficult questions of law, and that the taking of an account might well be considered necessary for the information of the Court. The case, therefore, falls

under subdivision (2) of the foregoing section. This exception is overruled.

The fourth exception is as follows: "4. That his Honor erred in holding that the action can be maintained against the administrator of M. E. McCarter within a year after his appointment." The Circuit Judge stated the following reasons for refusing to sustain his objection: "I had some trouble with the third point; that is, that the action was commenced less than one year from the granting of letters of administration. Sec. 2322, Revised Statutes of 1893, forbids that an action be commenced against an administrator for the debts due by the intestate until twelve months after grant of administration. This section refers, as I understand it, to money actions against the administrator, including applications for judgment for deficiencies in foreclosure suits. An examination of the complaint in this action shows that no judgment is asked against the administrator. The prayer is merely that the land be sold and the proceeds applied to the debts, costs and expenses of the action. This of itself, it seems to me, should take the case out of sec. 2322 above referred to; but any doubt on the particular point, it seems to me, is removed by the act of 1900 (acts of 1900, page 349, which provides that in an action of this kind the administrator is a proper party but not a necessary party); and whilst the administrator has been made a party in this action, it was not necessary to make him a party, and, besides, no judgment is asked against him. So I am satisfied that the third point urged against the motion should be overruled." These reasons, and the cases of Peeples *v*. Mims and Glenn *v*. Gerald, in which the opinions have just been filed, show conclusively that the objection was properly overruled. This exception is overruled.

The fifth exception is as follows: "5. That even if it were a cause that could be lawfully referred at all to the master, his Honor erred in referring all the issues of law and fact." This exception is disposed of by what was

said in considering the third exception, and is overruled.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.