7302

### E. A. BEALL CO. v. WESTON.

1. JURISDICTION—REFERENCE.—An order of reference made by consent of all parties then before the Court in an equity cause in which the Court has jurisdiction of the subject matter and the parties, and in which a compulsory order of reference may be made, is not vitiated by the master's bringing in other parties by amendment of complaint.

2. PLEADINGS—AMENDMENTS—PARTIES—MASTER.—Where the issues of law and fact are referred to the master, he has the power to grant amendments and bring in parties.

3. PLEADINGS.—A DECREE IN FORECLOSURE adjudging the rights of all parties is within the scope of the pleadings in an action in which the complaint alleged a defendant claimed a senior mortgage on the premises, whose answer set up a mortgage executed by his co-defendants and other parties not parties to the suit, the master thereupon ordering the complaint amended so as to bring in the other mortgagors, who were served with the amended complaint but not with mortgagee's answer, and the conveyance made under this order of sale carries the interest of all the mortgagors in the lands to the purchaser.

Before WILSON, J., Richland, May, 1908. Reversed.

Two actions by E. A. Beall Co. (1) against Julian B. Weston *et al.,* Francis H. Weston and W. W. Weston; and (2) against George B. Weston *et al.,* Francis H. Weston and W. W. Weston. From Circuit order, setting aside

foreclosure sale, plaintiff and defendants, Francis H. Weston and W. W. Weston, appeal.

*Mr. W. T. Aycock,* for plaintiff and Francis H. Weston. No argument furnished Reporter.

*Mr. D. C. Ray,* for W. W. Weston.   No argument fur-nished Reporter.

*Mr. Allen J. Green,* contra, cites : *Reference can only be granted on consent of all parties:* 25 S. C., 73; 34 S. C., 169; 24 S. C., 173; 27 S. C., 622; 32 S. C., 583.   *Master had no jurisdiction to grant order of amendment:* 76 S. C., 415; 24 S. C., 553.   *Relief granted is beyond scope of pleadings:* 1 Black on Judg., sec. 242; 34 N. J. L., 318; 140 U. S., 254; 47 S. C., 460; 42 S. C., 313; Code Proc., 296; 55 S. C., 527.

October 5, 1909.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.   The actions above named were separately brought to foreclose mortgages executed to plaintiff by Julian B. Weston, in the first case, and George B. Weston, in the second case, covering the "right. title and interest" of each defendant in a tract of land in Richland county, known as the "Elm Savannah" plantation.

The original defendants, Julian B. Weston and George B. Weston, and the appellants, John A. Weston, Amie A. Weston and W. Keith Weston, afterwards made defendants, executed a mortgage on the premises to William T. Aycock, who assigned to defendant, Francis H. Weston. Other defendants were made parties, who claimed judgment liens upon the premises.   On August 12, 1907, by consent of all who were then parties to the action, Judge Ernest Gary granted an order referring all issues of law and fact to the master.   At a reference under this order the notes and

mortgages of plaintiff, the bond and mortgage of defendant, Francis H. Weston, and the judgments of other defendants, were established.   Thereafter, on October 26, 1907, on motion of counsel for defendants, Julian B. Weston and George B. Weston, the master ordered an amendment of the summons and complaint, making the appellants, John A. Weston, Amie A. Weston and W. Keith Weston, parties defendant, and by inserting in the complaint another paragraph, alleging that such defendants "have an interest in the real estate covered by the mortgage of the defendant, Francis H. Weston, and are necessary parties to a complete determination of all the rights of the parties to the said action."

The amendment was accordingly made, and copies of the summons and complaint, so amended, were served upon appellants, who failed to appear and answer.   The master thereafter made his report, and Judge Klugh, on December 18, 1907, made his decree, in pursuance of which the real estate described in the complaint was sold to defendant, William W. Weston, for $3,000, he being the highest and last bidder.   William W. Weston refusing to comply with the terms of the sale, on the ground that John A., Amie A. and W. Keith Weston were not bound by the decree of Judge Klugh, because the answer of the defendant, Francis H. Weston, setting up his bond and mortgage, was not served on them, and because the relief granted in the cause was beyond the allegations of the complaint, was ruled by Judge Ernest Gary, who, after hearing, adjudged the return of William W. Weston insufficient and ordered him to comply with the terms of sale.

Notice of appeal was given by attorneys for John A., Amie A. and W. Keith Weston, and for William W. Weston.   William W. Weston abandoned his appeal, unconditionally, and John A., Amie A. and W. Keith Weston abandoned their appeal from Judge Gary's order, under agreement, reserving the right to raise all questions on this

appeal as to the validity and regularity of the sale of their interest which they might have raised upon an appeal from the order of Judge Gary.

Thereafter respondents, in this appeal, moved before Judge Wilson to vacate the decree of Judge Klugh, and the sale thereunder, in so far as the same affects respondents, upon the grounds: (1) That the Court was without power to refer the cause to the master without the consent of all parties; (2) that the master had no power to allow the amendment to the summons and complaint and to bring in new parties; (3) that the relief granted was beyond the scope of the complaint, and that the answer of the defendant, Weston, asked no affirmative relief against the appellant. Judge Wilson vacated the judgment and sale upon said grounds, in so far as the interests of respondents were affected, and the plaintiff and defendants, Francis H. Weston and William W. Weston, now appeal from the order of Judge Wilson.

1. There was error in holding that Judge Gary was without jurisdiction to grant the order of reference.

Section 292 of the Code of Procedure authorizes a reference in any case upon the written consent of the parties. Such consent was given in this case by all the parties then before the Court. Such an order, by a court having complete jurisdiction of the cause and parties before it, could not be vitiated merely because in the progress of the cause it becomes proper or necessary to bring in other parties. Moreover, the cause was one in equity, involving the establishment of a number of claims, and the amounts due thereon, after all proper credits and the establishment of liens upon the property and their respective priorities. Under section 293 of the Code of Procedure the Court may order a reference, without consent, where the trial involves a long account on either side, or where the taking of an account shall be necessary for the information of the Court. The issues were such as to involve the "taking of" an

account" of claims and credits thereon, and to authorize a compulsory reference of issues under section 293. *Ferguson* v. *Harrison,* 34 S. C., 169, 13 S. E., 332; *Green* v. *McCarter,* 64 S. C., 293, 42 S. E., 157; *Windham* v. *Howell,* 78 S. C., 196, 59 S. E., 852.

2. The Court also erred in holding that the master had no authority to order an amendment to the complaint and the bringing in of the new parties.

Section 294 of the Code of Procedure expressly provides: "Masters and referees shall have the same power to allow amendments to any pleadings and to the summons as the Court upon such trial, upon the same terms and with like effect." Section 976 of the Civil Code provides: "Each master, within his county, in all causes praying equitable relief, shall have power to grant leave to amend pleadings and to make new parties."

The direction in section 973 of the Civil Code, that the master shall "execute and perform all orders of the Court upon references to him conformably to the practice of the Court," and the terms of the order, referring the issues under the pleadings to the master, do not in any wise abridge the full and ample power of amendment conferred upon the master by sections 294 and 296, cited above. As held in *Dixon* v. *Roessler,* 76 S. C., 415, 57 S. E., 203, a master to whom it is merely referred *to take and report the testimony* in a case has no power to bring in other parties defendant, because his chart of power in such case is the limited order of the Court; but when the issues of law and fact are referred to the master, this gives him judicial power under the statute to hear and determine the cause, and with it goes the incidental and statutory power of amendment.

3. We think there was error in holding that the relief granted by Judge Klugh, in decreeing foreclosure as against appellants, was beyond the scope of the pleadings and within the inhibition of section 297 of the Code.

Section 297 provides: "The relief granted to the plaintiff, if there be no answer, can not exceed that which he may have demanded in his complaint; but in any other case the Court may grant him any relief consistent with the case made by the complaint and embraced within the issue." Section 296 authorizes a determination of the ultimate rights of the parties on each side, as between themselves, and the granting to defendant of any affirmative relief to which he may be entitled.

The original complaint made Francis H. Weston a defendant, under allegation that he claimed a senior mortgage on the premises. Francis H. Weston's answer alleged the execution of his bond and mortgage by Julian B. Weston, George B. Weston, John A. Weston, Amie A. Weston and W. Keith Weston on the premises; that the bond and mortgage has not been paid, and demanded judgment against Julian B. Weston and George B. Weston for the amount found to be due thereon; that his said mortgage be foreclosed and the premises sold and the proceeds applied to the payment of such judgment as may be recovered, and for other and further relief as may be just and necessary. This answer was not served upon the respondents before or after the amendment of the complaint, but the amended summons and complaint and the order for amendment were served upon them, and they were thereby regularly made parties and charged with notice that they had an interest in the real estate described in the complaint and covered by the mortgage of their co-defendant, Francis H. Weston, and that they were necessary parties to the determination of his rights in the premises. The relief granted was within the scope of the pleadings, and was, therefore, not hostile to the rule declared in the Estate of Bugg, 71 S. C., 442, 51 S. E., 263, and *Brickle* v. *Leach,* 55 S. C., 50, 33 S. E., 720, and was in harmony with the principle announced in *Phillips* v. *Anthony,* 47 S. C., 460, 25 S. E., 294.

4. The foregoing conclusions render it unnecessary to

consider whether respondents are bound by the order of Judge Ernest Gary, notwithstanding the attempted reservation of rights, when they abandoned appeal from said order. Judge Gary's order was in accord with the above conclusions of this Court.

5. In support of the order of Judge Wilson, respondents contend that under a proper construction of the complaint, answer of Francis H. Weston, report of the master, and decree thereon, only the right, title and interest of the defendants, Julian B. Weston and George B. Weston, was authorized to be sold, and that only such interest was sold. The decree of foreclosure required that "the mortgaged premises described in the complaint, and hereinafter set forth, be sold by the master, etc.;" and at the foot of the decree the Court declared: "The following is a description of the premises herein ordered to be sold;" then follows a description of the tract known as the "Elm Savannah" plantation. The property was sold after advertisement, giving description in accordance with decree. All the right, title and interest of Julian B. Weston, George B. Weston, John A. Weston, Amie A. Weston and W. Keith Weston in the tract described was sold, and will pass to the purchasers upon compliance with the terms of sale. It is stated in the "Case" that the parties last above mentioned are tenants in common of the contingent remainder of the "Elm Savannah" plantation under a devise in the will of Mrs. Annie G. Adams, giving a life estate therein to Mrs. Mary A. Hugenin (who is still alive), with remainder to the children of Mrs. Amie A. Weston, who may survive the life tenant, the issue of any such child predeceasing the life tenant to take *per stirpes* the share of the parent. It is not disputed that a contingent remainder in real estate may be the subject of mortgage and sale at foreclosure. *People's Loan etc. Bank* v. *Garlington,* 54 S. C., 413, 32 S. E., 513.

The order appealed is reversed and the case remanded for such further proceedings as may be necessary.