9466

TRUMP v. MIKELL *ET AL.*

(89 S. E. 645.)

1. REFERENCE—COMPULSORY—WHEN AUTHORIZED—DIFFICULT QUESTIONS OF LAW.—Under Code Civ. Proc. 1912, sec. 331, authorizing references, the Court has no authority, without the consent of both parties, to order a reference, where the investigation will require the determination of difficult questions of law.

2. APPEAL AND ERROR— BURDEN OF SHOWING ERROR— RECORD— REFERENCE TO MASTER.—Where appellant does not show from the record that the reference of all issues of law and fact to the master involved the determination of difficult questions of law, *held* a reference, under Code Civ. Proc. 1912, sec. 331, being in the discretion of the Judge, was not erroneous, where the taking of the account was necessary for the information of the Court.

3. REFERENCE— COMPULSORY— DISCRETION OF COURT— INFORMATION OF COURT.—The reference under Code Civ. Proc. 1912, sec. 331, of all issues of law and fact to the master *held* proper in an action to foreclose a mortgage, where there had been several conveyances of the fee, the grantees in each instance assuming the indebtedness and mortgage, and where under the pleadings it was necessary to determine the priority and rank of several liens, the amount due thereunder, and the validity thereof.

4. REFERENCE—WHEN AUTHORIZED—TAKING OF ACCOUNT FOR INFORMA-
TION OF THE COURT.—Where a reference is necessary for the taking
of an account for the information of the Court, under Code Civ.
Proc. 1912, sec. 331, subd. 2, the question of whether it would require
the examination of a long account under subdivision 1 is immaterial.

5. APPEAL AND ERROR—JUDGMENT ON APPEAL—OPINION.—A judgment,
dismissing an appeal from an order striking out allegations of an
answer as irrelevant, and also from an order of reference, overrules
the exceptions to the former order, although such issue was not
discussed in the opinion.

6. APPEAL AND ERROR—HARMLESS ERROR—FORMAL DEFECTS OF ORDER.—
The omission in an order striking out allegations of an answer to
formally recite that such allegations were stricken for irrelevancy
is not prejudicial error, where the order was properly granted.

Before BOWMAN, J., Columbia, October, 1915. Appeal
dismissed.

Action by Nelson W. Trump against P. V. Mikell and
others. From an order striking out certain allegations of
the answer and from an order of reference to the master,
the named defendant appeals.

*Mr. D. W. Robinson,* for appellant, submits: *The Code
Civ. Proc., sec. 210, authorizes the striking out of irrelevant
or redundant matter. Where the matters set out in the
pleadings contain no essential to the cause of· action or a
defense to it, it can and should be stricken out; and in such
cases only:* 97 S. C. 393-4; 73 S. C. 29; 100 S. C. 420; 98
S. C. 160. *Allegation of a mere conclusion of law raises
no issue:* 92 S. C. 422; 65 S. C. 184, 285 and 286. *As to
right to plead fraud as a defense to contract for assumption
of debt by Mikell,* cites: 92 S. C. 388, 389; 96 S. C. 241; 65
S. C. 184; 88 S. E. 471; 9 Enc. Pl. & Pr. 695; 97 S. C. 125;
146 N. C. 578; 60 S. E. 508; 47 S. E. 449; 26 S. C. 282.

FOOTNOTE.—Right to order compulsory reference in equity cases inde-
pendently of statute, see 25 A. & E. Ann. Cas. 1912d, 1136; compulsory
reference as a denial of right to jury trial, see notes in 25 L. R. A.
68-71, 13 L. R. A. (N. S.) 146, 39 L. R. A. (N. S.) 46.

*Principal liable for act of agent:* 97 S. C. 125; 88 S. E. 33; 19 Cyc. 196 and 300; 13 S. C. 16; 146 Pac. 141; L. R. A. 1915d, 259; 158 U. S. 1077; 31 Cyc. 1603. *Breach of warranty:* 61 S. C. 192; 92 S. C. 388, 389. *Compulsory reference of issues:* Code Civ. Proc. 312; C. C. Rule 28. *Right to have issues referred to jury:* 5 S. C. 412, 413; 76 S. C. 509; 65 S. C. 458; 56 S. C. 303; 35 S. C. 421; 92 S. C. 389; 69 S. C. 196. *Jury appropriate method of trial for questions of fraud in equitable actions:* 43 S. C. 265, 266. *No power to authorize master to pass on issues exists under our law:* Code Civ. Proc., secs. 330, 331; 34 S. C. 174; 64 S. C. 293; 27 S. C. 239; 99 S. C. 478; 78 S. C. 196, 197. *Issues are determined by complaint and answer:* 69 S. C. 196; 83 S. C. 2; 95 S. C. 353; 19 S. C. 290, 291. *Trial by jury:* 69 S. C. 197; 76 S. C. 509; 92 S. C. 391; 33 S. C. 399; 61 S. C. 568; 91 S. C. 568. *Order of reference appealable:* 34 S C. 172; 43 S. C. 190; 99 S. C. 481.

*Messrs. Melton & Belser,* for plaintiff-respondent, submit: *Order of reference was discretionary:* 84 S. C. 98. *No right to jury trial:* 43 S. C. 187; 69 S. C. 186; 89 S. C. 438. *Order proper under Code Civ. Proc., sec. 331:* 34 S. C. 169; 78 S. C. 196; 83 S. C. 491; 99 S. C. 99. *Questions for Circuit Judge:* 84 S. C. 98. *Effect of verbal notice of appeal:* 73 S. C. 540.

*Messrs. R. H. Welch* and *Christie Benet,* for respondent, Edmunds, cite: 31 Cyc. 1603; 26 S. C. 282; 101 S. C. 221.

*Messrs. Thomas & Lumpkin,* for respondent, Black & Coulter Co.

July 15, 1916.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an appeal by the defendant, P. V. Mikell, from an order striking out certain allegations of his answer, on the ground of irrelevancy; also from an order referring all issues of law and fact to the master.

The action is to foreclose a mortgage on a certain lot of land, executed by the defendant, L. B. Owens, in favor of the plaintiff. Subsequently the defendant, L. B. Owens, conveyed the lot to the defendants, T. F. Dial and O. P. Loyal. They conveyed to the defendant, H. A. Taylor. He conveyed to the defendant, H. N. Edmunds, and he conveyed to the defendant, P. V. Mikell. When the lot was conveyed to said parties, each of them thereupon, in consideration of the conveyance to him, assumed and agreed to pay the indebtedness secured by said mortgage. The complaint alleges that all rents, issues, and profits of the mortgaged premises accruing or falling due after the service of a summons, in an action of foreclosure thereon, were assigned, set over, and transferred to the holder of the said mortgage. The plaintiff prays for relief, as follows: That a receiver be appointed to take charge of the mortgaged premises, and to collect the rents and profits, accruing or falling due, during the pendency of this action; that the amount due under the mortgage may be ascertained; that the plaintiff recover judgment against the defendant, L. B. Owens, and the other defendant, to whom, in turn, the lot was conveyed as aforesaid; that the rank and priority of the several liens, affecting said mortgaged premises, be ascertained. The defendant, P. V. Mikell, prays "judgment for a rescission and cancellation of said conveyance, and of the mortgages alleged to have been given by him, and of the alleged contract or assumption of indebtedness by him," etc.

The following statement appears in the record:

"The defendants, Guaranty Trust Company of South Carolina, L. B. Owens, H. T. Bouchier, H. A. Taylor, T. F. Dial, and O. P. Loyal, each filed and served separate answers in the cause, setting up an interest they held in the premises,

and alleging that the defendant, Mikell, had assumed the payment of obligations incurred by them, or due to them, respectively. The defendant, Edmunds, also filed and served an answer to the amended answer, reserving his rights under his motion to strike out. The defendants, Black & Coulter, also filed an answer, setting up their interest in the premises, and assumption of their liabilities and all liabilities due to them by defendant, Mikell. The defendants, Guaranty Trust Company of South Carolina, H. T. Bouchier, H. A. Taylor, and Black & Coulter Company, each in their answers, claimed junior mortgages covering the premises described in the complaint, and asked foreclosure of same in this action."

We will consider first whether there was error on the part of his Honor, the presiding Judge, in referring all issues—both of law and of fact to the master. Section 331 of the Code is as follows:

"Where the parties do not consent, the Court may, except where the investigation will require the decision of difficult questions of law, direct a reference in the following cases:

"1. Where the trial of an issue of fact shall require the examination of a long account on either side; in which case the referee may be directed to hear and decide the whole issue, or to report upon any specific question of fact, involved therein; or,

"2. Where the taking of an account shall be necessary, for the information of the Court, before judgment, or for carrying a judgment or order into effect."

The rule is thus stated in *Bouland* v. *Carpin,* 27 S. C. 235, 3 S. E. 219:

"It will be observed that the provision of the Code is permissive merely, not mandatory, and, therefore, neither party has the legal right to demand a reference of all the issues to the master, but it is a matter addressed somewhat to the discretion of the Court. The Judge to whom the motion is submitted must determine whether the case is such as to

warrant such a reference; and this he may determine, either from an inspection of the pleadings or from affidavits submitted as to the nature of the case and the necessity for a long account, and whether 'the investigation will require the decision of difficult questions of law.' "

The Court uses the following language in *Ferguson* v. *Harrison,* 34 S. C. 169, 13 S. E. 332:

"It is contended that a Circuit Judge has no right to order a reference of any case to the master or referee without the consent of the parties, except in two specified cases; * * * and it is insisted that no such accounting was necessary in this case. Whether such was the fact was a matter necessarily to be determined by the Circuit Judge, in the first instance at least; and, if necessary, we would assume, in the absence of any evidence to the contrary, that the Circuit Judge had before him enough to satisfy him of that fact."

In the case of *Beall* v. *Weston,* 83 S. C. 491, 65 S. E. 823, the rule is thus stated:

"The cause was one in equity, involving the establishment of a number of claims, and the amounts due thereon, after all proper credits and the establishment of liens upon the property and their respective priorities. Under section 293 (now 331) of the Code of Procedure, the Court may order a reference, without consent, where the trial involves a long account on either side, or where the taking of an account shall be necessary for the information of the Court. The issues were such as to involve the 'taking of an account' of claims and credits thereon, and to authorize a compulsory reference of issues under section 293 (now 331)."

See, also, *Construction Co.* v. *Manufacturing Co.,* 78 S. C. 169, 58 S. E. 765; *Windham* v. *Howell,* 78 S. C. 196, 59 S. E. 852; *Williams* v. *Newton,* 84 S. C. 98, 65 S. E. 959; *Mobley* v. *McLucas,* 99 S. C. 99, 82 S. E. 986.

When a motion is made in an equity case to refer all issues, the first question to be determined is whether the

investigation will require the decision of difficult questions of law, as it has been decided that even in an equity case the Circuit Judge has no power, without the consent of the parties, to refer the issues to a master for trial, unless the case falls under subdivision (1), (2), or (3) of section 331 of the Code. *Green* v. *McCarter,* 64 S. C. 290, 42 S. E. 157.

The appellant has failed to make it appear that the discretionary power of the Circuit Judge was erroneously exercised in concluding that the reference would not require the decision of difficult questions of law.

Having reached this conclusion, we proceed to the consideration of the question whether there was error in concluding, that the taking of an account was necessary for the information of the Court. It is only necessary to refer to the foregoing facts and authorities to show that the exceptions assigning error in this respect cannot be sustained.

It is unnecessary to consider the question whether the reference would require the examination of a long account on either side, under subdivision 1, section 331.

Appeal dismissed.

A petition for rehearing having been filed the following order was made

PER CURIAM. After careful consideration of this petition, the Court is satisfied that no material question of law or of fact has either been overlooked or disregarded. It appears upon the face of the opinion that the exceptions assigning error on the part of his Honor, the presiding Judge, in striking out certain allegations of the appellant's answer, were not overlooked, as it is stated in the opinion that the appeal by the defendant, P. V. Mikell, is from an order striking out certain allegations of his

answer on the ground of irrelevancy; also from an order referring all issues of law and fact to the master. The judgment of this Court was: "Appeal dismissed." The effect of the judgment was not only to overrule the exceptions to the order of reference, but also to the order striking out certain allegations of the answer. The motion to strike out those allegations was based solely upon the ground of irrelevancy; and, therefore, when his Honor, the Circuit Judge, granted the order striking out the allegations, he did not deem it necessary to state in his order that it was on the ground of irrelevancy. But, waiving the question whether there was error on the part of the Court in failing to state, in a formal manner, that the exceptions were overruled on the ground of irrelevancy, such error was not prejudicial to the right of the appellant, as the order was properly granted. Petition dismissed, and order staying remittitur revoked.

Mr. Justice Fraser, being disqualified, did not participate in the consideration of this case.