## *EX PARTE* BOYCE.

### *IN RE* DACUS v. SMITH.

1. MORTGAGE—SUBJECT-MATTER—EVIDENCE.—It is doubtful whether affidavits are admissible to determine the intention of the parties to a mortgage as to the land covered by it.

2. IBID.—IBID.—DESCRIPTION.—Defendant purchased a tract of forty-one acres from C., another tract of sixty-five acres from S., and three other small lots, aggregating three and one-fourth acres, from three other persons, and on these three lots was located the dwelling house, and they, together with the sixty-five acres, were cultivated as one tract. Defendant made a mortgage to plaintiff of "all those two tracts," one "being the place whereon I reside, containing sixty-five acres," and the other "the place bought from C., containing forty-one acres," the two aggregating one hundred and six acres, bounded by lands of four named persons "and others." This mortgage was foreclosed, and the complaint, decree, and advertisement of sale described the property as it was described in the mortgage. *Held*, that

the mortgage covered the three and one-fourth acres, and they passed with the sale of the sixty-five acre tract.

3. IBID.—RULE TO SHOW CAUSE—TITLE—POSSESSION.—On rule to show cause why the defendant should not be required to surrender possession to the purchaser of the land sold under decree of sale in foreclosure of defendant's mortgage, return was made that the mortgage did not cover the portion which had not been surrendered. *Held*, that no question of title to land, proper for a jury trial, was involved; and it having been determined by the court that the portion of land in dispute was covered by the mortgage, the decree of sale, and the advertisement, the sheriff was properly directed to put the purchaser into possession.

Before IZLAR, J., Greenville, March, 1893.

Application for rule by Mamie Boyce in the case of Mamie Dacus against James Smith.

*Mr. Jos. A. McCullough,* for appellant.

*Messrs. Haynsworth & Parker,* contra.

April 4, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. On the 1st day of December, 1887, the appellant executed a mortgage on certain real estate to one J. W. Dacus, which was afterwards duly assigned to the plaintiff, Mamie B. Dacus. The real estate mortgaged was described in the mortgage as follows: "All those two tracts or parcels of land owned by me, situated and lying and being in Greenville County, State aforesaid, on waters of Saluda River; one piece or parcel or tract being the place whereon I reside, and containing sixty-five and one-half acres, more or less, and the other piece, parcel, and tract being the place bought from Ailsey Cothran, containing forty-one acres, more or less; both tracts aggregating 106½ acres, bounded by lands of Westley and Jas. Holliday, T. H. and Charles Stokes, and others." Subsequently, to wit: on the 5th of February, 1892, an action was brought to foreclose the mortgage, and in the complaint the mortgaged premises were described just as they were in the mortgage, as above set forth.

Judgment was obtained, and in July, 1892, "the lands de-

scribed in the complaint" were ordered to be sold, and were sold in November following, at which sale the petitioner became the purchaser of so much thereof as was designated in the complaint and in the mortgage as the sixty-five and one-half acre tract, and having received titles, demanded possession thereof from the defendant in that case, the appellant herein. The defendant surrendered to the petitioner possession of the original sixty-five and one-half acre tract, but refused to surrender a parcel of land adjoining, containing three and one-quarter acres, upon which his residence was situated, claiming that the said three and one-quarter acres was not embraced in the mortgage, and, therefore, was not included in the sale under the mortgage. Thereupon the petitioner applied for and obtained from his honor, Judge Izlar, a rule requiring appellant to show cause why he should not be punished for a contempt in disobeying the order of sale, and why the sheriff should not be required to eject him from the possession of the said three and one-quarter acres, and put the petitioner in possession thereof. To this rule the appellant made a return to the effect, practically, that the three and one-quarter acres was not included in the mortgage, and was not, therefore, sold under it.

Affidavits were submitted on both sides tending to show the following facts: that the three and one-quarter acres was originally composed of three separate tracts, one of two acres, another of one acre, and the other of one-quarter of an acre, which appellant bought at different times from different persons, the first in 1875, and the last in 1880, the time of the intermediate purchase not being stated; that on the 12th of January, 1876, appellant bought from Abigail Stokes the tract containing sixty-five and one-half acres, more or less; that all these parcels lay immediately adjoining; that the appellant, at the time he made the mortgage above referred to, and for many years previously, resided on the three and one-quarter acres, and never did reside on the sixty-five and one-half acres; that these two parcels thus adjoining were for several years, before the execution of the mortgage, treated by appellant as one tract—to use the language of the affiant: "That the tract

described as 'being the place whereon I reside, containing sixty-five acres, more or less,' consisted originally, as deponent is informed, of two or more tracts, but that the same lie in one body, and in cultivating the said tract said Jas. Smith, for ten years or more, had made no distinction, but planted upon the same as one tract, continuing the rows from one original tract to the other without distinction as to original lines or marks." It is also stated by another affiant, J. W. Smith, that since the commencement of the action to foreclose the mortgage, to wit: on the 24th of February, 1892, the appellant has executed a mortgage on the said three and one-quarter acres to the said affiant. There were also other depositions as to what was said by the parties, at the time of the execution of the mortgage, indicating what were the intentions of the parties as to what land was embraced in it; but these depositions were directly conflicting, and even if competent testimony, which is more than doubtful, do not throw much light upon the matter. Upon these depositions, thus briefly stated, the Circuit Judge held that the three and one-quarter acres was embraced in the sixty-five and one-half acres described in the mortgage as "being the tract on which I reside," and he, therefore, adjudged that the return was insufficient, and ordered the sheriff to eject the appellant from the three and one-quarter acres and put the petitioner in possession thereof.

From this judgment the defendant, James Smith, appeals upon the following grounds: 1. Because of error in finding as matter of fact that the sixty-five and a half acre tract and the three and a quarter acre tract have been treated by defendant as one entire tract. 2. In finding "the residence tract is included in the description contained in the mortgage, being the tract on which I reside, and is a part of the tract so described." 3. In holding that the return of the defendant was insufficient. 4. In ordering the sheriff to eject the defendant from the three and a quarter acre tract and put the purchaser in possession of same. 5. In not framing an issue to be tried by a jury in the said proceeding to determine the facts raised by the return. 6. In not holding that the return raised a question of title to real estate, which question could not be tried in that proceeding.

The first three of these grounds, impeaching the findings of fact by the Circuit Judge, may be considered together. We must say that we are unable to discover any error in such findings. The undisputed testimony was that the appellant's residence was at the time the mortgage was given, and long before, located on the three and a quarter acres, and that he had never resided on the sixty-five and a half acres; and it cannot be denied that in the mortgage itself the sixty-five and a half acres was described as "being the place whereon I reside." And in addition to this there was positive evidence that for many years the appellant had treated the two parcels, the sixty-five and a half and the three and a quarter acres, as one tract. Moreover, the description in the mortgage, as given by the appellant himself, designating the sixty-five and a half acre tract as the place whereon he resided, could not possibly be true, unless the two parcels had become identified as one tract by long usage, and were so regarded by the appellant himself. In addition to this, it is not without significance to notice that, while one of the tracts mortgaged, the forty-one acre tract, is described as "being the place bought from Ailsey Cothran," the sixty-five and a half acre tract is *not* described as being the place bought from Abigail Stokes, but, on the contrary, as "being the place whereon I reside." Now, if only the original sixty-five and a half acres was intended to be mortgaged, it is difficult to conceive of any reason why it should not, like the forty-one acre tract, have been described by mentioning the name of the person from whom it had been bought. But if the sixty-five and a half acres as well as the three and a quarter acres, which had become identified as one tract, was intended to be mortgaged, it would be very easy to see why it was not described as being the place bought from Abigail Stokes, for in that event such a description would not have been correct, for it embraced more than what was bought from Abigail Stokes, and, therefore, it was described as "the place whereon I reside."

It seems to us, also, that the rights of the petitioner, as purchaser of the mortgaged premises at the sale under the judgment of foreclosure, are entitled to some consideration. She

saw from the terms of the mortgage itself, for which appellant was responsible, as well as from the description in the complaint and in the advertisement of the sale, that the land which she, in common with the public generally, was invited to buy, embraced the residence, and that might, and probably did, form one of the main inducements to buy. Indeed, it is so testified by one of the affiants, who acted for her in making the purchase.

The fourth ground is general in its nature, and will be disposed of by what has been, and will be, said as to the other grounds. The fifth and sixth grounds raise, practically, the same question, which, as it seems to us, is concluded against appellant by a recent decision of this court in the case of *Ex parte Winkler, In re Gerald* v. *Gerald*, 31 S. C., 171, and we need not repeat here the reasoning and authorities upon which that decision was based.

The judgment of this court is, that the judgment and order appealed from be affirmed.